[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14733
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00066-ELR-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FRANCO-LIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 20, 2019)

Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carlos Franco-Lira appeals his 18-month sentence.  The challenged sentence was imposed after Franco-Lira pleaded guilty (without a plea agreement) to re-entering illegally the United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b).  Reversible error has been shown; we vacate Franco-Lira's sentence and remand to the district court for resentencing.

On appeal, Franco-Lira argues that the district court erred in applying a six-level sentencing enhancement, pursuant to U.S.S.G. § 2L1.2(b)(2)(C).  Franco-Lira contends that the state sentence imposed in 2007 upon the revocation of Franco-Lira's probation was invalid and, thus, not countable for guidelines purposes.  The government agrees.  Both parties request that this Court vacate Franco-Lira's sentence and remand for resentencing.

We review de novo the district court's interpretation and application of the Sentencing Guidelines.  United States v. Rodriguez, 732 F.3d 1299, 1305 (11th Cir. 2013).  We review the district court's factual findings for clear error.  Id.

"When a defendant challenges one of the factual bases of his sentence . . . the Government has the burden of establishing the disputed fact by a preponderance of the evidence."  Id.  To satisfy its burden, the government must

2

come forward with "reliable and specific evidence."  Id.  Courts may "not speculate concerning the existence of a fact which would permit a more severe sentence under the guidelines."  Id.

The fact in dispute at sentencing was whether Franco-Lira was able to read or to speak English in 2007 when he signed a waiver of his right to have a lawyer represent him during his probation-revocation proceedings.  Franco-Lira contends that, because he was unable to speak English and was not otherwise advised of his rights in Spanish, his waiver was not made knowingly or voluntarily.  We have said that, where a defendant is unable to speak English, he waives his rights knowingly and voluntarily when he has been advised of his rights and provided with a waiver form in his native language.  See United States v. Boon San Chong, 829 F.2d 1572, 1574-75 (11th Cir. 1987).

The record supports Franco-Lira's contention that he was unable to read or to speak English in 2007.  Franco-Lira came to the United States from Mexico at age 11, resided with Spanish-speaking family members, worked in construction jobs with other Spanish-speakers, and received no formal education or training in English.  Meanwhile, the government presented no "reliable and specific evidence" showing, by a preponderance of the evidence, that Franco-Lira could read or speak

English when he signed the English-language waiver form or that Franco-Lira was advised of his rights in Spanish.

Insufficient evidence exists from which the district court could have found and concluded that Franco-Lira waived knowingly and voluntarily his right to legal representation during his probation-revocation proceedings and, thus, that the resulting sentence was valid and countable under section 2L1.2(b)(2)(C). Accordingly, we vacate Franco-Lira's sentence and remand to the district court for resentencing.

SENTENCE VACATED AND REMANDED.